**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| TNCI OPERATING COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH SHORE TELECOMMUNICATIONS INC., MATT GEANEY, FLAG ROCK COMMUNICATIONS, LLC and PAUL DUSEAU,<br><br>Defendants. | ) | Case No.: |

## **COMPLAINT**

## **PARTIES**

1. Plaintiff, TNCI Operating Company LLC, is a Delaware limited liability company with a principal place of business located in Santa Barbara, California ("TNCI").

2. Defendant, South Shore Communications Inc., upon information and belief, is a Massachusetts corporation with a principal place of business located in Easton, Massachusetts ("South Shore").

3. Defendant, Matt Geaney, upon information and belief, is the Chief Executive Officer and President of South Shore and a resident of Avon, Massachusetts ("Geaney").

4. Defendant, Flag Rock Communications LLC, is a Massachusetts limited liability company with a principal place of business located in White Horse Beach, Massachusetts ("Flag Rock").

5. Defendant, Paul Duseau, is a manager of Flag Rock and resident of East Wareham, Massachusetts ("Duseau").

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441(b) inasmuch as there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

## FACTS

7. TNCI is a telecommunications reseller, providing local and long distance telephone services as well as data communication services (primarily viewed as telephone and internet services) to small and medium sized businesses throughout the United States (the "Services").

8. In order to deliver Services, TNCI purchases telecommunication and data communication service in high volume from larger telecom network carriers, packages the services as the Services, and sells the Services to end-user customers.

9. TNCI generates revenue and profit from the sale and monthly billing of Services to end-user customers.

10. TNCI engages independent contractors for the purposes of, among other things, soliciting the Services to potential end-user subscribers.

11. The independent contractors, commonly identified by TNCI as "Agents", are engaged by TNCI under agent agreements (each, an "Agent Agreement").

12. The Agents, generally, are permitted to engage sub-agents, employees, representatives, or other independent contractors (collectively, "Representatives") to assist them in soliciting the Services to potential end-user subscribers.

13. On or about May 1, 2013, TNCI and South Shore entered into an Agent Agreement (the "South Shore Agreement").

14. Pursuant to Section 1 of the South Shore Agreement, South Shore, among other things, was to solicit, directly and/or through Representatives (collectively, "South Shore Representatives"), the Services to potential end-user subscribers.

15. South Shore, upon information and belief, engaged Flag Rock and/or Duseau as a South Shore Representative.

16. Pursuant to Section 2(k) of the South Shore Agreement, South Shore, among other things, was to refrain from any business practice, whether related to the sale of Services or not, which may be injurious to the business of TNCI or the good will associated therewith.

17. Pursuant to Section 2(p) of the South Shore Agreement, South Shore, among other things, was to manage the South Shore Representatives, including Flag Rock and/or Duseau, on an ongoing basis.

18. Pursuant to Section 2(s) of the South Shore Agreement, South Shore, among other things, was to timely inform TNCI of any complaints received regarding the Services.

19. On or about July, 2013, TNCI learned that an end-user subscriber of TNCI (the "End User") had terminated its relationship with TNCI due to End User concerns regarding the Services.

20. Prior to TNCI learning of the termination of the aforementioned relationship, neither South Shore, Geaney, Flag Rock, nor Duseau had notified TNCI, pursuant to the terms and conditions of the South Shore Agreement, of any End User concerns regarding the Services.

21. South Shore's failure to notify TNCI of any End User concerns with respect to the Services constitutes a breach of the South Shore Agreement.

22. South Shore's failure to manage and/or supervise Flag Rock and/or Duseau and relay, or cause Flag Rock and/or Duseau to relay, to TNCI any End User concerns regarding the Services constitutes a breach of the South Shore Agreement.

23. South Shore, as a result of its aforementioned failings, engaged in business practices which are injurious to the business and good will of TNCI.

24. South Shore's activities in that regard constitute a breach of the South Shore Agreement.

25. As a result of South Shore's aforementioned breach, TNCI sustained lost profits at a rate of $90,000.00 per month, for a total loss of $1,080,000.00.

## COUNT I
## BREACH OF CONTRACT
(TNCI v. South Shore)

26. TNCI reasserts and realleges the allegations contained in Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Pursuant to the South Shore Agreement, South Shore agreed to provide TNCI with prompt written notice of any End User dissatisfaction. South Shore further agreed to be governed by the highest standards of honesty, integrity, fair dealing and ethical conduct.

28. South Shore breached the South Shore Agreement by failing to provide TNCI with any notice of a customer's dissatisfaction with its service and intent to terminate its service with TNCI.

29. As a direct result of Defendant's conduct, TNCI has and continues to suffer damages.

**COUNT II**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
(TNCI v. South Shore)

30. TNCI reasserts and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. The South Shore Agreement contains an implied covenant of good faith and fair dealing by and between the parties which prohibits them from engaging in any activity, conduct, acts or omissions which would prevent the other party from receiving the benefits of the contract.

32. TNCI has fully performed all covenants, conditions and obligations required to be performed by reason of the contract.

33. South Shore, in failing to notify TNCI of an End User's dissatisfaction with its service and intent to terminate its service with TNCI, has breached the implied covenant of good faith and fair dealing.

34. As a direct result of South Shore’s breach, TNCI has and continues to suffer damages.

**COUNT III**
**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**
(TNCI v. Flag Rock and Duseau)

35. TNCI reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. The South Shore Agreement constitutes a valid contract with contemplated economic benefits.

37. Flag Rock and Duseau had knowledge of the South Shore Agreement or business relationship between TNCI and South Shore.

38. Flag Rock and Duseau intentionally interfered with the South Shore Agreement or business relationship for an improper purpose and/or by improper means.

39. As a direct result of Defendants' conduct, TNCI has and continues to suffer damages.

**COUNT IV**
**INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP**
(TNCI v. Flag Rock and Duseau)

40. TNCI reasserts and realleges the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. TNCI and South Shore were involved in a business relationship.

42. Flag Rock and Duseau had knowledge of the business relationship between TNCI and South Shore.

43. Flag Rock and Duseau intentionally and purposefully interfered with the business relationship.

44. As a direct result of Defendants' conduct, TNCI has and continues to suffer damages.

**COUNT V**
**VIOLATION OF M.G.L. c. 93A**
(TNCI v. South Shore and Flag Rock)

45. TNCI reasserts and realleges the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. South Shore and Flag Rock engaged in trade or commerce within the Commonwealth of Massachusetts.

47. South Shore and Flag Rock intentionally and deceptively failed to notify TNCI of a customer's dissatisfaction with its service.

48. Said conduct occurred primarily and substantially within Massachusetts and constitutes unfair and deceptive trade practices under Massachusetts law.

49. As a direct result of Defendants' conduct, TNCI has and continues to suffer damages.

**COUNT VI**
**INJUNCTIVE RELIEF**
(TNCI v. Defendants)

50. TNCI reasserts and realleges the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. As a direct and proximate result of Defendants' failure to notify TNCI of an end user's dissatisfaction and the intentional misrepresentation of material facts relevant to the same, TNCI has sustained lost profits and has and continues to suffer damages to its reputation and its goodwill. In addition, Defendants are in possession of "Confidential Information" as defined in Paragraph 7 of the South Shore Agreement.

52. If Defendants' unlawful acts are not enjoined, TNCI will continue to suffer irreparable harm, for which monetary damages will not suffice. In addition, Defendants disclosure of the above mentioned confidential information would result in irreparable harm to TNCI.

**WHEREFORE**, Plaintiff, TNCI Operating Company, LLC, respectfully prays that this Court:

1. Enter judgment for Plaintiff and against Defendants on all Counts of this Complaint;
2. Award damages to Plaintiff in an amount to be determined by the Court;
3. Award exemplary damages to Plaintiff pursuant to Mass. Gen. L. c. 93A;
4. Award interest, costs, and attorneys' fees to Plaintiff;
5. Enter an Order requiring Defendants to refrain from disclosing all "Confidential Information" as defined in Paragraph 7 of the South Shore Contract, and requiring

Defendants to return to the Plaintiff any and all "Confidential Information" in their possession.

6. Award such other relief as this Court deems just and proper.

Respectfully submitted,
Plaintiff,
TNCI Operating Company, LLC,
By its attorney,

/s/ Christopher E. Hultquist______
Christopher E. Hultquist (BBO No.628615)
DarrowEverett LLP
One Turk's Head Place, Suite 1200
Providence, RI 02903
Tel. 401.453-1200
Fax 401-453-1201
chultquist@darroweverett.com

Dated: September 6, 2013